UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-1747-DOC (KESx)     Date: December 12, 2018

Title: RAMSHARAN SINGH V. SPECTRUM PHARMACEUTICALS, INC. ET AL

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING MOTION TO REMAND [9]**

Before the Court is Plaintiff Ramsharan Singh's ("Plaintiff") Motion to Remand ("Motion") (Dkt. 9). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the papers and considered the parties' arguments, the Court GRANTS the Motion and REMANDS the action.

## I. Background

On July 9, 2018, Plaintiff filed suit in the Superior Court of California, County of Orange, bringing claims for violation of the California Fair Employment and Housing Act and for wrongful termination. *See generally* Compl. (Dkt. 1-1). Plaintiff named as Defendants his former employer, Spectrum Pharmaceuticals, Inc. ("Spectrum"), and his former supervisor at Spectrum, Pramod Gupta. Compl. ¶¶ 2–3. On September 26, 2018, Defendant Spectrum removed the case to this Court based on diversity jurisdiction. *See* Notice of Removal (Dkt. 1). For the purposes of diversity jurisdiction, Plaintiff is a citizen of California. *See* Compl. ¶ 1. Defendant Spectrum asserts that it is a citizen of Nevada, and asserts that Gupta was a citizen of Nevada during the time relevant to the suit. Notice of Removal at 4.

Plaintiff filed the instant Motion to Remand on October 26, 2018 ("Mot") (Dkt. 9). Defendant Spectrum opposed ("Opp'n") (Dkt. 10) on November 2, 2018. Plaintiff replied ("Reply") on November 9, 2018.

## II.　Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Because 28 U.S.C. § 1447(c) contains the word "shall," not the word "may," the court is powerless to hear the case when it lacks subject matter jurisdiction, and must remand the case to the state court. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991) ("[A] finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c).").

A defendant may generally remove a civil action from a state court to a federal court "embracing the place where such action is pending" if the action could have been brought in federal court originally. 28 U.S.C. § 1441(a). A federal court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807–08 (1986). A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States"; and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332; *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978). Diversity jurisdiction requires complete diversity, meaning that no plaintiff can be from the same state as any defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005); *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006). If the district court has a basis for subject matter jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, the action may be removed by a defendant. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68–69 (1996); *Wis. Dept. of Corrs. v. Schacht*, 524 U.S. 381, 386 (1998).

The party that asserted diversity jurisdiction has the burden to establish there is diversity of citizenship supporting diversity jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction . . . It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted). For purposes of diversity jurisdiction, the Ninth Circuit has held that an individual person's citizenship is determined by her state of domicile, and "[a] person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). The Ninth

Circuit has held that, for the purposes of diversity jurisdiction, a limited liability company ("LLC") is a citizen of every state of which its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

"[F]or purposes of removal jurisdiction, we are to look at the case as of the time it was filed in state court—prior to the time the defendants filed their answer in federal court." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 390 (1998). "It is well-settled. . . that federal-diversity jurisdiction depends on the citizenship of the parties at the time *suit is filed*." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003) (emphasis added).

## III.　Discussion

Plaintiff argues that removal was improper and the instant action should be remanded because Defendant Gupta is a citizen of California, and thus there is no complete diversity.[1] Mot. at 6. Plaintiff cites to a separate state court complaint filed by Gupta and other plaintiffs on May 25, 2018 against Spectrum, in which Gupta states he was a resident of California while employed by Spectrum. Mot at 6 (citing Dkt. 9-2) ("Gupta Complaint"). Defendant Spectrum argues that Defendant Gupta was a citizen of Nevada at all times relevant to the instant action, stating that Spectrum's business records indicate Gupta had a Nevada home address and providing Gupta's W-2 tax forms with a Nevada address. Opp'n at 2–4 (citing Declaration of Earl Falls ("Falls Decl."). Plaintiff replies that Defendant has not shown Gupta was a citizen of Nevada at the time that Plaintiff filed his July 9, 2018 Complaint, given that Gupta filed a separate complaint against Spectrum representing that he was a resident of California on May 25, 2018. Reply at 4–5.

The Court finds that Defendant Spectrum has not met its burden to establish that there is diversity of citizenship. The Gupta Complaint states that Pramod Gupta "was and is, at all times relevant, a resident of the County of Orange, State of California" (Dkt. 9-2 at 2), and discusses Gupta's employment with Spectrum (Dkt. 9-2 at 2–3). Further, the Gupta Complaint discusses Gupta's employment with Spectrum from 2011 until 2018 and states that the events giving rise to Gupta's action arose in California, suggesting that Gupta has worked for Spectrum in California for years. *Id.* Seeing as Gupta states that he is a California resident in a court filing, California is the state where he "resides with the

---

[1] The parties do not dispute the Nevada citizenship of Defendant Spectrum. *See generally* Mot., Opp'n.

intention to remain" for the purposes of diversity jurisdiction. *See Kanter*, 265 F.3d at 857. Granted, Defendant Spectrum has produced documents showing that Gupta has an address in Nevada, including Gupta's wages and tax statements from 2012-2017, and an earnings statement from July 2018 (Dkt. 10, Ex. A–B). However, given that Gupta states his residency as California in an official court filing, the documents cited by Spectrum do not unambiguously demonstrate that Gupta has an intent to remain in, or return to, Nevada. *See Kanter*, 265 F.3d at 857.

Defendant Spectrum also argues that the complaint in the Gupta action is not dispositive because judicial admissions in one action are not binding in a separate action. Opp'n at 4–5. The Court does not consider the Gupta Complaint's discussion of citizenship dispositive in the current action. Rather, in light of the Gupta Complaint, the Court finds that Spectrum has not met its burden to demonstrate that Gupta is definitively not a citizen of California, and thus has not established complete diversity. *See Kokkonen*, 511 U.S. at 377.

## IV.　Disposition

For the reasons stated above, the Court GRANTS Plaintiff's Motion and REMANDS this action to the Superior Court of California, County of Orange.

The Clerk shall serve this minute order on the parties.